Mark O. Morris (4636)
mmorris@swlaw.com
Scott A. DuBois (7510)
sdubois@swlaw.com
Amy F. Sorenson (8947)
asorenson@swlaw.com
Peter H. Donaldson (9624)
pdonaldson@swlaw.com
Chris Martinez (11152)
cjmartinez@swlaw.com

SNELL & WILMER L.L.P.
15 West South Temple, Suite 1200
Salt Lake City, Utah  84101-1004
Telephone:  (801) 257-1900
Facsimile:  (801) 257-1800

*Attorneys for Defendants WideBand Solutions, Inc. and Donald S. Bowers*

# IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CLEARONE COMMUNICATIONS, INC., a Utah Corporation<br><br>Plaintiff,<br><br>v.<br><br>WIDEBAND SOLUTIONS, INC., a Georgia corporation, DONALD S. BOWERS, an individual.<br><br>Defendants. | **MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS WITHOUT PREJUDICE**<br><br><br>Case No. 2:08-cv-474 TC<br><br><br>Honorable Tena Campbell<br><br>Magistrate Judge David Nuffer |

Defendants Wideband Solutions, Inc. and Donald S. Bowers, through counsel, hereby respectfully submit this memorandum in support of their motion to dismiss this lawsuit without prejudice.

## I.    <u>INTRODUCTION</u>

This matter is moot and should leave this Court's docket.  Defendants Wideband Solutions, Inc. and Donald S. Bowers respectfully request that the Court enter an order dismissing this lawsuit without prejudice because, as the Court has already observed, this controversy is "moot."  This lawsuit should not be maintained on the Court's docket because it entirely concerns claims based on an asset purchase transaction that was rescinded.  Dismissal of this lawsuit will allow the Court to clear its docket of one less distraction relating to ClearOne Communication Inc.'s vigorous pursuit of litigation over its claimed trade secrets, which litigation now consumes and will yet consume significant attention from this Court.

## II.    <u>FACTS</u>

1.    This lawsuit arose from events relating to a separate action filed and maintained by ClearOne Communications, Inc. ("**ClearOne**"), also pending before this Court:  <u>ClearOne Communications, Inc. v. Andrew Chiang, et al.</u>, 2:07-cv-37 TC (the "**Main Action**").

2.    None of the defendants in this lawsuit are defendants in the Main Action, nor are any of the defendants in the Main Action defendants in this lawsuit.

3.    The defendants in the Main Action are Andrew Chiang, Jun Yang, Lonny Bowers, WideBand Solutions, Inc. (incorporated in Massachusetts) ("**WideBand MA**"), Versatile DSP, and Biamp Systems Corporation, Inc. (collectively the "**WideBand Defendants**").  Whereas the defendants in this lawsuit are WideBand Solutions, Inc. (incorporated in Georgia) ("**WideBand Georgia**") and Donald S. Bowers.

4.    ClearOne's primary allegation in the Main Action is that the WideBand Defendants have misappropriated from ClearOne trade secret information relating to the so-called "Honeybee Code"—source code and other technology allegedly owned by ClearOne. (<u>See</u> Fourth Amended Complaint (Main Action Dkt. No. 752).)

5.      According to ClearOne's allegations in this lawsuit, in 2008, ClearOne learned of an asset purchase transaction between WideBand Georgia and WideBand MA.  ClearOne apparently believed that the Wideband Defendants were attempting, through this asset purchase transaction, to sell, among other assets, ClearOne's claimed trade secrets that are the subject of the Main Action.  (See Complaint Dkt. No. 2.)

6.      Consequently, ClearOne filed a motion in the Main Action for a temporary restraining order.  (Main Action Dkt. No. 890.)

7.      The Court denied that motion without prejudice, "based on the representation by counsel for the purchaser of [WideBand MA's] assets that the code involved in [the Main Action] was not transferred or sold."  (See June 18, 2008 Order (Main Action Dkt No. 892).)

8.      One day later, on June 19, 2008, ClearOne filed this lawsuit, seeking relief based on ClearOne's concern with transfer of any of WideBand MA's assets to WideBand Georgia, including ClearOne's claimed trade secrets.  (See Complaint (Dkt. No. 2).)

9.      Then, on July 9, 2008, ClearOne again moved in the Main Action for a Temporary Restraining Order and Preliminary Injunction (the "**injunction motion**"), asking the Court to prevent WideBand MA from transferring any of its assets to WideBand Georgia.  (See Mot. for T.R.O. and Prelim. Inj. (Main Action Dkt. 914).)

10.     A hearing on the injunction motion was held in the Main Action on July 10, 2008. At that hearing, the Court denied ClearOne's injunction motion because the asset purchase transaction between WideBand MA and WideBand Georgia had been rescinded, and therefore, none of WideBand MA's assets were legally transferred to WideBand Georgia.[1]  (See July 10, 2008 Order (Main Action Dkt. 922).)  Accordingly, the Court concluded that ClearOne's injunction motion was "moot."  (Id.)

---

[1] See also Recission Agreement, attached as Exhibit B to the Answer of Donald S. Bowers (Dkt. No. 12).

11.    Indeed, at the July 10, 2008 hearing, ClearOne's lead counsel acknowledged that its injunction motion (and consequently, this lawsuit) was moot:

The Court:        Okay.  Mr. Magleby, then it's moot.

Mr. Magleby:    I think that's right, your honor . . . I think that's right and it probably is moot."

(July 10, 2008 Injunction Motion Hearing Tr. at 5:11-19 (Main Action Dkt. No. 966).)

12.    Counsel for WideBand Georgia subsequently contacted counsel for ClearOne and requested that ClearOne dismiss this lawsuit without prejudice, in light of the Court's rulings in the Main Action.  ClearOne refused.

## III.    <u>ARGUMENT</u>

"[A] case is moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." <u>Yellow Cab Coop. Ass'n v. Metro Taxi, Inc.</u>, 132 F.3d 591, 594-95 (10th Cir.1997) (discussing Article III jurisdictional standing requirements). Because the asset purchase transaction—or claimed "de facto merger"—between WideBand MA and WideBand Georgia is the entire basis of the claims in this lawsuit, and because that transaction has been rescinded the claims in this lawsuit are moot.  This lawsuit should therefore be dismissed and removed from the Court's docket.

IV.     **<u>CONCLUSION</u>**

For the foregoing reasons, the defendants in this lawsuit respectfully request that the Court enter an order dismissing this lawsuit without prejudice.

DATED this 3rd day of October, 2008.

Snell & Wilmer L.L.P.

/s/ Mark O. Morris
Mark O. Morris
Scott A. DuBois
Amy F. Sorenson
Peter H. Donaldson
Chris Martinez
Attorneys for Defendants WideBand Solutions, Inc. and Donald S. Bowers

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of October, 2008, a true and correct copy of the foregoing was delivered via the CM/ECF Electronic Filing System to the following:

James E. Magleby
magleby@mgpclaw.com
Christine T. Greenwood
greenwood@mgpclaw.com
Christopher M. Von Maack
vonmaack@mgpclaw.com
Jason A. McNeill
mcneill@mgpclaw.com
Jennifer F. Parrish
parrish@mgpclaw.com
MAGLEBY & GREENWOOD PC
170 S. Main St. Ste. 350
Salt Lake City, UT 84101
(801)359-9000

Benjamin W. Lieberman
ben@bwllaw.com
Office of Ben W. Lieberman PC
331 S. Rio Grande St., Suite 302
Salt Lake City, UT 84101
(801)746-0911

Richard D. Burbidge
rburbidge@bmgtrial.com
Benjamin W. Lieberman
bwl@bmgtrial.com
Jefferson W. Gross
jwgross@bmgtrial.com
BURBIDGE MITCHELL & GROSS
215 S. State Ste. 920
Salt Lake City, UT 84111
(801)355-6677

/s/ Mark O. Morris

9134897